Reed v. Nicholson.

---

JOSEPH W. REED, Respondent, v. JAMES W. NICHOLSON
*et al.*, Appellants

Kansas City Court of Appeals, December 2, 1889.

1. **Promissory Notes:** FAILURE OF CONSIDERATION: INSTRUCTION.
In an action on a promissory note where the defense was a failure
of consideration, in the plaintiff's refusal to assign defendant cer-
tain stocks, the court examines an instruction complained of as
assuming the proper transfer of said stock, and holds it cannot be
said that said instruction contains such assumption, and if defend-
ants had any fear the jury would misunderstand said instruction
they should have asked an instruction announcing what is a legal
transfer.

2. ———: PAROL AGREEMENT NO DEFENSE. A contemporaneous
parol agreement is not admissible to vary or alter the terms of a
note absolute on its face and complete in its terms, and such agree-
ment can constitute no defense.

*Appeal from the Clinton Circuit Court.* — HON.
JAMES M. SANDUSKY, Judge.

AFFIRMED.

*F. B. Ellis*, for the appellants.

(1)   The court erred in giving instruction number 5,
and not instructing the jury as to what would be a legal
and valid transfer of the creamery stock, there being
evidence to the effect that the sixty-three shares of
stock was a part of the consideration of the note. *Huff
v. State*, 4 S. W. Rep. (Tex.) 890; *Blondeau v. Sheriden*,
81 Mo. 545; *Lumber Co. v. Warener*, 93 Mo. 374.
(2) Interpretation of a written contract is for the court.
Whether the creamery stock had been properly assigned
or not was a question for the court and not for the jury.
*Michael v. Ins. Co.*, 17 Mo. App. 23.   (3) The jury
should not have been left to conjecture as to whether

the creamery stock had been legally assigned from Reed to Nicholson or not; this was a question of law. *Anderson v. Pike*, 86 Mo. 293; *Bank v. Crandel*, 87 Mo. 208. (4) Instructions should not be given which leave to the jury to determine questions of both law and fact. *Jordan v. The City of Hannibal*, 87 Mo. 676; *Albert v. Besel*, 88 Mo. 150. The instruction complained of assumes that there had been a proper transfer of the creamery stock. Instructions which assume controverted facts are erroneous and should not be given. *Rothchilds v. Frensdorf*, 21 Mo. App. 318; *McGinniss v. Railroad*, 21 Mo. App. 399. (5) Defendants White and Ralls should have been permitted to prove that they signed the note as security, and the conditions upon which they signed the note were that they were to be released August 1, and plaintiff to take a mortgage on defendant Nicholson's land. Where a promissory note is made and delivered to be held on a condition, it does not become a binding obligation until the condition has been fulfilled, and parol evidence to prove the condition does not contradict the note nor seek to vary its terms. *McFarland v. Sikes*, 7 Atlantic R. P. (Conn.) 408.

*John A. Cross*, for the respondent.

(1) The compromise and dismissal of the suit between this plaintiff and defendant, James M. Nicholson, was a sufficient consideration for the note herein. *Jasper County v. Travis*, 76 Mo. 13; *Parker v. Enslow*, 102 Ill. 272; *Jones v. Brittenhouse*, 87 Ind.; *Cook v. Murphy*, 70 Ill. 96; Bishop's Contracts, sec. 57. (2) The consideration of the note being in issue, and conflicting evidence on the question, it was a question for the jury to determine whether a consideration had been satisfactorily proved. *Swain v. Ettling*, 32 Pa. St. 486; *Grove v. The City of Kansas*, 75 Mo. 672; *Price v. Chamberlin*, 82 Mo. 618; *Roscrans v. Railroad*, 83 Mo.

678. (3) Parol evidence is not admissible to show that a note, payable absolutely, was only to be paid on certain conditions. *Jones v. Jeffries*, 17 Mo. 576; *Blackburn v. Harrison*, 39 Mo. 303; *Mossman v. Holcher*, 49 Mo. 87. (4) Parol evidence is never admissible for the purpose of discharging the parties to a written contract. *Inge v. Hance*, 29 Mo. 399; *Cuthbert v. Bowie*, 10 Ala. 163; *Thompson v. Davenport*, 2 Smith's Ld. Cas. 371. (5) The makers of a promissory note cannot, when sued thereon by the payee, set up a contemporaneous oral agreement that the note was not to be paid as therein stated. *Frissell v. Mayer*, 13 Mo. App. 331. (6) An agreement that a note is not to be paid at maturity, but is to be returned to the makers, and another note, secured upon real estate, to be accepted (in lieu thereof) by the payee, is a defeasance, and can only be proved by a writing. *Gardner v. Matthews*, 11 Mo. App. 269; *Adams v. Wilson*, 12 Metc. 138; *Penny v. Jolly*, 12 Ill. 287.

ELLISON, J.—This case originates on a promissory note, and plaintiff had judgment in the trial court.

Defendants' answer fully discloses their defense, and it is here inserted.

"Defendants, for answer to plaintiff's amended petition, deny each and every allegation therein, except as hereinafter admitted. Defendants admit the execution of the note filed herein as alleged in plaintiff's petition, but say that the consideration for which said note was made was that plaintiff agreed to legally and properly assign, transfer and deliver to defendant, James M. Nicholson, sixty-three shares of Lathrop creamery stock; that plaintiff has refused and failed to so legally assign, transfer and deliver said creamery stock to defendant James M. Nicholson; that the said defendant has received nothing for said note; that it was wholly without consideration. Defendants, Geo. W. Ralls and John D. White, further answering for and on

behalf of themselves, say that they made said note as security and for the accommodation of defendant Nicholson and Joseph W. Reed, without consideration, upon the conditions hereinafter set forth. That the plaintiff, Joseph W. Reed, and defendant, Nicholson, agreed with the defendants, Geo. W. Ralls and John D. White, that they should be released from all liability from the payment of said note, after the first day of August, 1887, by plaintiff, and that in lieu thereof the plaintiff was to accept a new note from defendant Nicholson, secured by mortgage on certain real estate owned by defendant Nicholson, and which plaintiff agreed was ample security for the payment of said note; that upon these conditions defendant Ralls and White made said note; that the plaintiff wholly neglected and refused on the said first day of August, 1887, to comply with these conditions, and refused to take any steps to enforce collection of said note or to comply with his agreement with defendant and James M. Nicholson, and refused to deliver the creamery stock as set forth in defendants' answer. Defendants say that said note is wholly without consideration, wherefore they pray judgment for costs and for all proper relief."

There are two points urged here against the correctness of the trial below :

*First.* That the court in giving the following instruction assumed that the transfer of creamery stock had been properly made, viz. : "If the creamery stock spoken of in the evidence had been transferred and delivered to Nicholson in the original land trade, then the defendant could not retransfer and deliver back said stock to Reed without the knowledge and concurrence of Reed.

"The jury will determine from the evidence what the consideration for the note was, and then determine whether there has been in whole or in part any failure of consideration. If the jury find from the evidence

that the consideration for the note was the compromise of a suit in court between Joseph W. Reed and J. M. Nicholson, and that Joseph W. Reed should relinquish to Nicholson, by deed, any claim he made to the land involved in said suit, and that he made such deed, then there is no failure of consideration. If the jury find that it was also a part of said consideration that Nicholson was to have the creamery stock, for which the land was originally conveyed to Reed, and that Reed failed and refused to deliver to Nicholson said stock, then there would be a failure of consideration to the extent of the value of such stock; if said stock had been turned over to Nicholson by Reed in the original land trade, Nicholson could not transfer it back to Reed by writing a transfer on the stock or by having an assignment entered upon any stock-book unless Reed accepted such transfer back to him; it could not be turned back to him without his consent and acceptance; if it had not been turned back to him by his consent and acceptance, then there was no transfer necessary from Reed to Nicholson; but if it had been transferred back to Reed by his consent and accepted by him, and he agreed as a part of the consideration of the note to transfer and deliver it to Nicholson and failed and refused to do so, this would be a failure of consideration to the extent of the value of such stock."

We cannot say there is any assumption in this instruction as to a proper assignment of the stock. As the stock matter was the base of defendant's charge of failure of consideration, and they had any fear that the jury would misunderstand the instruction complained of, they could, with all propriety, have asked an instruction announcing what were the requisites to a legal transfer.

*Second.* That portion of the answer which alleges a contemporaneous agreement with defendant Ralls and White, whereby they were to be released from liability

on the first day of August following the date of the note, is wholly without merit. Oral agreements, not distinguishable in principle from this, have been repeatedly held by this court and the supreme court as not admissible to vary or alter the terms of a note absolute upon its face and complete in its terms. The judgment is affirmed. All concur.